IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,054-02






EX PARTE JERAMY KENNEDY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 29141 IN THE 3RD DISTRICT COURT


FROM ANDERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
murder and sentenced to fifty years' imprisonment. He did not appeal his conviction. 

 Applicant contends, inter alia, that his plea was involuntary because he was unaware
of exculpatory evidence at the time of the plea, and that the newly available evidence of an
affidavit shows that he is actually innocent. Applicant filed a prior Article 11.07 application
attacking his conviction in the trial court on October 9, 2008. The writ application was
denied without written order on December 17, 2008. Ex parte Kennedy, No. WR-71,054-01
(Tex. Crim. App. Dec. 17, 2008). Applicant alleges that he was refused copies of his
attorneys' file until after he filed his first writ application, and that he was never informed
of statements in the file suggesting that "Monster" Swindell had taken responsibility for the
crime. He also alleges that an affidavit reporting that "Monster" Marlin Swindell caused the
complainant's death is newly discovered evidence. Applicant has alleged facts that, if true,
might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte
Elizondo, 947 S.W.2d 202, 208 (Tex. Crim. App. 1996); Ex parte Lemke, 13 S.W.3d 791
(Tex. Crim. App. 2000). 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court shall obtain a response from Applicant's trial counsel
addressing Applicant's claim of ineffective assistance of counsel resulting in an involuntary
plea. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to whether
Applicant's claims of an involuntary plea and actual innocence are based on newly
discovered evidence. Ex parte Brown, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006). The
trial court shall make specific findings as to whether Applicant knew at the time of his plea
of statements that "Monster" caused the death of the complainant. The trial court shall also
make specific findings as to whether counsel refused Applicant's requests for copies of his
file and when the file was made available to him. The trial court shall also make specific
findings of fact as to whether the affidavit of Jesse Richey is newly discovered evidence and
whether it is credible. The trial court shall make findings of fact and conclusions of law
addressing Applicant's claims that his plea was involuntary and that he is actually innocent. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: January 11, 2012

Do not publish